HABERLEY, Admr., et al., Appellants,

v.

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellee.

[Cite as *Haberley v. Nationwide Mut. Fire Ins. Co.* (2001), 142 Ohio App.3d 312.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78603.

Decided April 23, 2001.

*Friedman, Domiano & Smith Co., L.P.A., Jeffrey H. Friedman* and *Stephen S. Vanek,* for appellants.

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P., Gregory E. O'Brien* and *Jeffrey G. Palmer,* for appellee.

JAMES J. SWEENEY, Judge.

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

Jane Haberley appeals from a decision of the common pleas court granting summary judgment in favor of her insurance carrier, Nationwide Mutual Fire

Insurance Company, in connection with the death of her son, Russell Haberley. On appeal, appellant claims that the court erred in granting Nationwide's motion for summary judgment and argues entitlement to uninsured motorist coverage for the fatal injuries suffered by Russell by operation of law or subject to the Ohio Supreme Court's holding in *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261. Having determined that appellant failed to appeal from a final appealable order, this appeal is hereby dismissed.

The parties do not dispute that on April 24, 1998, the Haberleys' son, Russell, sustained fatal injuries to his head and chest as a front-seat passenger in a Ford Explorer operated by an uninsured motorist, Lena Beck, who lost control of her vehicle at the intersection of Andrews Avenue and the railroad tracks in Lakewood, Ohio. Donald and Jane Haberley filed a claim against their homeowner's insurer, Nationwide, for uninsured motorist coverage.

Nationwide filed a complaint for declaratory judgment and thereafter, filed a motion for summary judgment, which the Haberleys opposed. On September 1, 2000, the court granted judgment in favor of Nationwide. The Haberleys appeal from this decision and raise one assignment of error, which states:

"The trial court erred in granting summary judgment in favor of appellee Nationwide Mutual Fire Insurance Company, as appellants are entitled to underinsured motorist coverage in the policy issued to them by appellee Nationwide."

The Haberleys urge that the court erroneously granted judgment in favor of Nationwide and maintain that their homeowner's policy also serves as an automobile liability policy, which entitles them to uninsured motorist coverage. Further, they contend that the statutory amendments made to R.C. 3937.18, which became effective September 3, 1997, are not applicable in this case, thus compelling the court to follow *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161, and *Goettenmoeller v. Meridian Ins. Co.* (June 25, 1996), Franklin App. No. 95APE11–1553, unreported, 1996 WL 362089. Nationwide maintains that the court properly granted judgment in its favor because the Haberleys' policy is solely a homeowner's policy; therefore, Nationwide was not obligated to offer the Haberleys uninsured motorist coverage as governed by the 1997 statutory amendments to R.C. 3937.18. However, this court lacks jurisdiction to review the assigned error because appellants failed to appeal from a final appealable order. For the following reasons, this appeal is dismissed.

In *Kubicki v. N. Royalton* (Sept. 10, 1998) Cuyahoga App. No. 73454, unreported, 1998 WL 598795, this court stated:

"It is well established that a trial court fails to fulfill its function in a declaratory judgment action by granting summary judgment without expressly

declaring the parties' respective rights and obligations. See *Waldeck v. North College Hill* (1985), 24 Ohio App.3d 189, 190 [24 OBR 280, 280–281], 493 N.E.2d 1375 [1376–1377]; *Progressive Cas. Ins. Co. v. State Farm Mut. Ins. Co.* (Mar. 3, 1994), Cuyahoga App. No. 65539, unreported [1994 WL 66202].

"In *Nickschinski v. Sentry Ins. Co.* (1993), 88 Ohio App.3d 185, 189, 623 N.E.2d 660 [662–663], this court stated:

" 'An action which seeks the declaration of rights and obligations is not the type of action ideally suited to disposition by summary judgment. Therefore, " '* * * [a]s a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. * * *' " ' *Id.*, citing *Waldeck, supra*, 24 Ohio App.3d at 190, 493 N.E.2d [at 1376–1377], quoting *Kramer v. West American Ins. Co.* (Oct. 6, 1982), Hamilton App. Nos. C–810829 and 810891, unreported [1982 WL 4743]."

In the instant case, the trial court's order granting Nationwide's motion for summary judgment does not expressly declare the rights and duties of the parties. Thus, we have concluded that the instant case lacks a final appealable order. Therefore, pursuant to Civ.R. 54(B) and R.C. 2505.02, this court is deprived of jurisdiction in this matter. Accordingly, this appeal is dismissed.

*Appeal dismissed.*

BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., concur.