JOURNAL ENTRY and OPINION
{¶ 1} Sua sponte, this appeal is dismissed for lack of a final appealable order, at appellant's cost.
{¶ 2} This court dismissed a prior appeal in this case for lack of a final, appealable order, concluding that the common pleas court's entry granting summary judgment on a claim for declaratory judgment did not declare the rights of the parties and so was not a final judgment. Hallv. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653, unreported. After that appeal was dismissed, the common pleas court entered the following order, which is the subject of the present appeal:
 {¶ 3} Upon remand from the court of appeals (8th District), this court issues the following order:
 {¶ 4} `s mtn for S.J. is granted. This court finds that the is afforded uninsured/underinsured motorist coverage under the Brotherhood Mutual Ins. Policy which had been issued to his employer, Cleveland Baptist Church.
 {¶ 5} In accordance w/ Rule 54(B) this is a final judgment there is no just reason for delay. Final.
{¶ 6} This entry also does not construe the terms of the insurance policy at issue and determine the parties' rights and obligations thereunder. R.C. 2721.04. Therefore, it is not final and appealable.Haberley v. Nationwide Mut. Fire Ins. Co. (2001), 142 Ohio App.3d 312.
{¶ 7} This court has routinely noted that a trial court fails to fulfill its function when it disposes of the issues in a declaratory judgment action by journalizing an order sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration. The issue has been raised frequently in cases in which a party demands a declaratory judgment concerning the construction of an insurance policy allegedly providing uninsured/underinsured motorists coverage. See, e.g., Haberley,142 Ohio App.3d 312; Nickschinski v. Sentry Ins. Co. (1993),88 Ohio App.3d 185; Motorists Mut. Ins. Cos. v. Grischkan (1993),86 Ohio App.3d 148. Our decision in Haberley makes clear the trial court's construction of the insurance contract and declaration of rights is a jurisdictional concern, not merely an advisable practice.
{¶ 8} The court's conclusion that the appellee "is afforded uninsured/underinsured motorist coverage under the Brotherhood Mutual Ins. policy which had been issued to his employer, Cleveland Baptist Church" is insufficient to make its ruling a final declaratory judgment. We do not opine as to the level of specificity required,[1] but the court must do more than state that a party is or is not entitled to insurance coverage.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and COLLEEN CONWAY COONEY, J. CONCUR
[1] The Ohio Supreme Court's description of the common pleas court's order granting summary judgment in Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660, may be instructive.