JOURNAL ENTRY AND OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.
Alex Zarycki appeals from a decision of the common pleas court granting summary judgment in favor of his employer's insurance carrier, Royal Insurance Company (Royal), in connection with injuries he sustained in a motor vehicle accident. On appeal, he assigns the following as error for our review:
 The trial court erred, as a matter of law, by holding that plaintiff was not entitled to uninsured motorist coverage pursuant to the policies that had been issued by defendant through his employer.
Having determined that Zarycki failed to appeal from a final appealable order, this appeal is hereby dismissed.
On October 30, 1999, Zarycki sustained injuries as a result of a motor vehicle accident when Tim Bennett's vehicle struck Zarycki's vehicle as Zarycki attempted to make a left-hand turn. Zarycki received $12,500 from Bennett and released Bennett with Royal's approval. At the time of the accident, Zarycki was employed by Ground Round, Royal's insured. Zarycki filed a declaratory judgment action against Royal, claiming he was entitled to underinsured motorist coverage. In turn, Royal also filed a declaratory judgment action. Both parties moved for summary judgment; the court, without declaring the parties' rights, granted summary judgment in favor of Royal and denied Zarycki's summary judgment motion.
However, this court lacks jurisdiction to review the assigned error because Zarycki failed to appeal from a final appealable order. For the following reasons, this appeal is dismissed.
In Kubicki v. City of North Royalton,[1] this court stated:
 It is well established that a trial court fails to fulfill its function in a declaratory judgment action by granting summary judgment without expressly declaring the parties' respective rights and obligations. (Citations omitted).
In Nickschinski v. Sentry Ins. Co,[2] this court stated:
 An action which seeks the declaration of rights and obligations is not the type of action ideally suited to disposition by summary judgment. Therefore, `* * * as a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. * * *'[3]
In this case, the trial court's order granting Royal's motion for summary judgment does not expressly declare the rights and duties of the parties. Therefore, we have concluded the instant case lacks a final appealable order. Pursuant to Civ.R. 54(B) and R.C. 2505.02, this court is deprived of jurisdiction over this matter and the appeal is dismissed.
Dismissed.
This appeal is dismissed.
It is ordered that appellee recover from appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
ANNE L. KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] (Sept. 10, 1998), Cuyahoga App. No. 73454, (Sept. 10, 1998).
[2] (1993), 88 Ohio App.3d 185,189.
[3] Id., citing Waldeck v. North College Hill (1985), 24 Ohio App.3d 189, quoting Kramer v. West American Ins. Co. (Oct. 6, 1982), Hamilton App. Nos. C-810829 and 810891. See, also, Haberly v. Nationwide Mutual Fire Insurance Co. (2001), 142 Ohio App.3d 312; Hall v. Strzelecki, Cuyahoga App. No. 80097, 2002-Ohio-2258.