JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, the Ohio Insurance Guaranty Association ("OIGA"), appeals from a common pleas court order granting summary judgment in favor of plaintiffs-appellees, Drs. Hill Thomas Co. and individual Drs. Eugene A. White, M.D., Walter L. George, M.D., Francis A. Greicius, M.D., David A. Steiger, M.D., Bradley A. Balckburn [sic], M.D., and John N. Holyland, M.D. and awarding them attorney's fees. We find the common pleas court's orders do not address one of appellees' claims and do not determine OIGA's statutory obligations under R.C.3955.08. Therefore, they are not final and appealable orders.
 PROCEDURAL HISTORY {¶ 2} The complaint in this case asserted that the appellees were all insureds under primary and excess policies of insurance issued by PIE Mutual Insurance Company.[1] PIE was declared insolvent, invoking OIGA's obligations under R.C. 3955.08(A)(2).
 {¶ 3} According to the complaint, OIGA took the position that each suit filed against appellants constituted one covered claim, rendering OIGA liable only for coverage of up to $300,000, regardless of the number of plaintiffs or insureds or claims asserted. As a result, appellees claimed they were required to pay settlement expenses out of pocket which should have been covered by OIGA.[2] The second count of the complaint alleged that OIGA should be compelled to recognize in other pending litigation that appellees are not required to "exhaust" coverage provided by a co-defendant's insurance. Finally, appellees demanded attorney's fees plus interest and costs they were required to incur because OIGA did not comply with its duty to defend.
 {¶ 4} The parties filed motions for summary judgment seeking judgment in their favor on all three claims. On June 5, 2001, the court entered an order which it marked as "final," granting judgment to plaintiffs.[3] Pursuant to Civil Rule 60(A), the court vacated this entry because it was inadvertently marked "final" rather than "partial." The court then entered the following order, which it marked as "partial":
 {¶ 5} "Plaintiff's Motion for Summary Judgment filed 11-16-00, is granted. Defendant failed to fulfill its obligations under the policy and the law by failing to provide coverage of up to $300,000 per claim up to a maximum of $1,000,000 in the aggregate. Defendant cannot create a situation that places the insured at risk of judgment then argue that when the insured acts reasonably to protect itself from a greater judgment by settling cases against it, that it waives any right to proceed against the OIGA, would only encourage the OIGA to avoid its statutory obligations. OIGA is obligated for reimbursement of the settlement amounts which were not paid by OIGA but were paid by Plaintiffs on 9/27/99 in the amount of $500,000 and by Plaintiffs on 2/11/99 in the amount of $100,000. Therefore, judgment is rendered in favor of the Plaintiff and against Defendant Ohio Insurance Guaranty Association in the amount of $600,000 and interest at the statutory rate from the respective dates of payment. Partial. The issue of attorney's fees remains pending subject to separate order."
 {¶ 6} The court held a hearing on the attorney's fee issue on September 20, 2001. On September 26, 2001, it entered the following order, which it marked as "final":
 {¶ 7} "Plaintiff's motion for attorney fees (filed -01)[sic] be and hereby is Granted. After evaluating the evidence and Disciplinary Rule 2-106 of the Code of Professional Responsibility, would [sic] range from 25% to 40% of the amount of recovery, and even if charged solely on an hourly basis would be subject to a premium on the result accomplished. Therefore, the court finds that the reasonable fee to be assessed in this case, as defendant failed to provide the defense it was required to do and Plaintiff was forced to engage counsel to protect its interests. It would be inequitable to place the burden of fees on Plaintiff when Defendant failed to meet its obligations. Plaintiffs are awarded $150,000[00]
against defendants, for which judgment is rendered."
 {¶ 8} OIGA appeals from both of these orders. Appellees have cross-appealed with respect to the amount of the attorney's fee award.
 LAW AND ANALYSIS {¶ 9} Our jurisdiction to review common pleas court's decisions is limited to cases in which the court below has entered a final, appealable order. See, e.g., Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86.
 {¶ 10} The common pleas court's judgment is not final and appealable for two reasons. First, the court did not address all of the claims made in the complaint, nor did it determine, under Civ.R. 54(B), that there was no just reason for delaying the finality of the rulings it made. Specifically, the court did not address the second count of the complaint, which sought a declaration that the insureds were not required to exhaust the insurance coverage provided to a co-defendant before demanding coverage from OIGA. Therefore, the judgment was not final and appealable.
 {¶ 11} Second, the court did not construe R.C. 3955.08 and the parties rights and obligations thereunder. R.C. 2721.03. "This court has routinely noted that a trial court fails to fulfill its function when it disposes of the issues in a declaratory judgment action by journalizing an order sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration." Hallv. Strzelecki, 2002-Ohio-2258, Cuyahoga App. No. 80097. Our decision inHaberley v. Nationwide Mut. Fire Ins. Co. (2001), 142 Ohio App.3d 312, makes clear that the court's construction of the instrument at issue and its declaration of the parties' rights is a jurisdictional concern, not merely an advisable practice.
 {¶ 12} Here, appellees requested a declaration of the OIGA's obligations under R.C. 3955.08 in connection with the PIE policies. The court made no such declarations. Therefore, it was not a final declaratory judgment.
 {¶ 13} We do not have jurisdiction over this matter. Accordingly, the appeal and cross-appeal are dismissed.
 {¶ 14} This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J. and TERRENCE O'DONNELL, J. CONCUR.
[1] The PIE policies provided primary coverage of $1,000,000 per claim, and excess coverage of $8,000,000 per claim. These limits defined the insurer's "liability for all damages because of any one claim or suit or all claims or suits first made during the policy period because of injury to or death of any one person * * *." Appellees asserted that these limits did not define a "claim" but defined the extent of the insurer's liability, whether there was one or more claims.
[2] Specifically, they argued that they settled two cases, Lovejoy v.Meridia-Hillcrest-Huron, et al., and Prescott v. Guiao, et al., each of which alleged claims for personal injury arising from medical malpractice and loss of consortium. OIGA only provided coverage for one claim for each case, requiring appellees to expend an additional $600,000 to settle them.
[3] {¶ a} The judgment entry states: "Plaintiff's Motion for Summary Judgment filed 11-16-2000, is granted. Defendant failed to fulfill its obligations under the policy and the law by failing to provide coverage of up to $300,000 per claim up to a maximum of $1,000,000 in the aggregate. Defendant cannot create a situation that places the insureds at risk of judgment, then argue that when the insured acts reasonably to protect itself from a greater judgment by settling cases against it, that it waives any right to proceed against the OIGA, would only encourage the OIGA to avoid its statutory obligations.
{¶ b} "Therefore, it is ordered that OIGA is obligated to the extent of $300,000.00 per individual claim made by each individual up to a maximum of $1,000,000.00; that Plaintiff acted reasonably to settle matters once OIGA refused to fulfill its statutory obligation. Plaintiff is entitled to reimbursement of the settlements in the amount of $600,000.00 plus interest at the statutory rate from the date of payment. Defendant's Motion for Summary Judgment filed 2-22-01 is Denied."