JOURNAL ENTRY AND OPINION
{¶ 1} Sua sponte, this appeal is dismissed for lack of a final appealable order. The common pleas court's entry granting summary judgment in favor of the plaintiff in a claim for declaratory judgment did not declare all of the rights of the parties, so it is not a final judgment.Hall v. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653. Specifically, the common pleas court failed to declare the rights of the parties under Count II of the complaint. Therefore, it is not final and appealable. Haberley v. Nationwide Mut. Fire Ins. Co. (2001),142 Ohio App.3d 312.
 {¶ 2} This court has routinely noted that a trial court fails to fulfill its function when it disposes of the issues in a declaratory judgment action by journalizing an order sustaining or overruling a motion for summary judgment without fully setting forth any construction of the document under consideration. See Haberley, 142 Ohio App.3d 312;Motorist Mut. Ins. Cos. v. Grischkan (1993), 86 Ohio App.3d 148. The lower court's conclusion that the appellant is obligated to provide primary insurance coverage to the tortfeasor does not remedy the allegations of failure to comply with Ohio Administrative Code3901-1-54(G)(7), and failure to comply with R.C. 3937.21, as set forth in Count II of appellee's complaint for declaratory judgment.
 {¶ 3} Accordingly, the instant appeal is dismissed for lack of a final and appealable order, at appellant's cost.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., AND MICHAEL J. CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).