[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Neither Dairyland Insurance Company nor Jason E. Raines has appealed the trial court's judgment.
 DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment entered in favor of Royal and SunAlliance Personal Insurance Company ("Royal"), Cincinnati Insurance Company ("Cincinnati"), and Progressive Preferred Insurance Company ("Progressive"), defendants below and appellees herein. Before we may consider the merits of the appeal, we first must address a jurisdictional issue. If the trial court's judgment does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal.
 {¶ 2} Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C.2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. GeupelCo. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.
 {¶ 3} When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. See, e.g.,Haberley v. Nationwide Mut. Fire Ins. Co. (2001), 142 Ohio App.3d 312,755 N.E.2d 455; Hall v. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653. In Nickschiniski v. Sentry Ins. Co (1993), 88 Ohio App.3d 185,189, 623 N.E.2d 660, the court explained:
"As a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration."
 {¶ 4} In the case sub judice, in granting appellees' summary judgment motions and in denying appellants' cross-summary judgment motions, we do not believe that the trial court adequately set forth the parties' rights and obligations under all of the respective insurance contracts. For example, the trial court determined that Mr. Caplinger is an insured under appellee Royal's policy, yet it denied appellants' cross-summary judgment motion. With respect to appellee Cincinnati's policy, the trial court explicitly determined that Ty was not entitled to UIM coverage, but did not state whether Ty's father was entitled to UIM coverage. Similarly, regarding appellee Progressive's policy, the trial court explicitly determined that Ty was not entitled to UIM coverage, but did not state whether Ty's mother was entitled to UIM coverage.[2]
 {¶ 5} Accordingly, in light of the fact that the trial court's judgment did not specifically declare all of the parties' rights and obligations under each of the insurance policies, we conclude that the trial court's judgment does not constitute a final, appealable order. We hasten to add, however, that we recognize that the complicated and complex nature of this action certainly contributed to the jurisdictional issue set forth above.
 {¶ 6} Accordingly, we hereby dismiss the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[2] We note that this court sought and received supplemental briefs from the parties that address the final appealable order issue.