JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiffs-appellants, Steve C. Cooper ("Cooper") and Entertainment USA of Cleveland, Inc. ("EUSA"), appeal from a common pleas court order apparently denying their motion for preliminary injunction, raising two assignments of error. First, appellants urge that the court erred by entering final judgment in the case when the only issue presented was whether the court should enter a preliminary injunction. Appellants also argue that the court erred by denying their request for a preliminary injunction. We have no jurisdiction over this appeal. Therefore, we must dismiss this matter.
 PROCEDURAL HISTORY {¶ 2} The complaint in this case was filed January 25, 2002. It alleged that plaintiff Cooper is the owner of a parcel of land located at 1180 Main Avenue in Cleveland, Ohio (the "Cooper parcel"). EUSA is Cooper's tenant. Defendant Cleveland Boat Club Limited Partnership ("Boat Club") owns an adjacent parcel with the same street address (the "Boat Club parcel").
 {¶ 3} The Cooper parcel and the Boat Club parcel were previously part of a single parcel of land owned by Boat Club. Boat Club divided the two parcels on May 31, 1993, and sold one of them to Cooper and Ralph Lunati. Lunati later quit-claimed his interest to Cooper.
 {¶ 4} The Cooper parcel is landlocked. The day after it was conveyed to Cooper and Lunati, the Boat Club granted Cooper and Lunati a written, non-exclusive easement of necessity across the Boat Club parcel for purposes of ingress and egress by pedestrians and motor vehicles. Boat Club further granted Cooper and Lunati a non-exclusive easement of necessity for parking for up to 149 vehicles.
 {¶ 5} Plaintiffs' complaint asserts that Boat Club unreasonably interfered with their easement rights by exercising exclusive dominion and control over the servient estate, including all ingress-egress and parking areas, and by refusing to allow plaintiffs any control. Plaintiffs seek a declaration of their easement rights, a preliminary and permanent injunction against the violation of their easement rights, and damages for their loss of business revenues and good will. Boat Club's answer denies these allegations and asserts that Cooper and EUSA fail to state a claim and are barred by the equitable doctrines of promissory estoppel, waiver, laches, and unclean hands.
 {¶ 6} A preliminary injunction hearing was scheduled for and conducted on September 20, 2002. Thereafter, the court filed the following judgment entry:
 {¶ 7} "After conducting hearing and considering all evidence presented, court finds in favor of the defendants. Court finds that plaintiff may have demonstrated some isolated instances of inconvenience to its staff and customers but plaintiff has not demonstrated the defendant has engaged in a pattern of dishonoring the non-exclusive easement at issue. As such, court finds in favor of defendants."
 {¶ 8} Appellants appeal from this order.
 LAW AND ANALYSIS {¶ 9} The trial court's finding "in favor of defendants," without disclosure of the issue to which the finding related, makes it impossible for us to discern whether the common pleas court intended to rule only on plaintiffs' request for preliminary injunction or whether the court intended to dispose of the entire case. We need not divine the court's intent, however, because in either case, the order was not final and appealable. Therefore, we must dismiss this appeal for lack of jurisdiction.
 {¶ 10} If we were to construe the court's ruling as the denial of appellants' request for preliminary injunction, the question whether the order is final and appealable would be governed by R.C. 2505.02(B)(4), which provides:
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "* * * *
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 16} Preliminary injunctions are included in the definition of a "provisional remedy." See R.C. 2505.02(A)(3). If the court in fact denied the preliminary injunction, that order determined the action with respect to the preliminary injunction and prevented a judgment in appellants' favor with respect to the preliminary injunction. Thus, the court's order meets the R.C. 2505.02(B)(4)(a) criteria.
 {¶ 17} However, the order does not meet R.C. 2505.02(B)(4)(b). "This division of the final order statute recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." State v. Muncie (2001), 91 Ohio St.3d 440, 451, 2001-Ohio-93. Appellants' brief asserts that appellants will suffer irreparable harm if injunctive relief is not granted, but the only stated basis for this assertion is that an injunction is the appropriate remedy to enforce easement rights. This argument does not demonstrate any immediate, irreparable harm will occur if injunctive relief is not afforded during the pendency of the action.
 {¶ 18} Appellants claim their business will be adversely affected if their easement rights are not immediately enforced. This claim is belied by the appellants' statement in the complaint that this controversy has been on-going for four years. In light of the on-going nature of this dispute, it is difficult to assume that any business damage to appellants is immediate. Furthermore, if past business losses can be remedied by money damages at the conclusion of the case, so can any losses that occur during the pendency of the case. Therefore, we find that appellants have not demonstrated that they "would not be afforded a meaningful or effective remedy by an appeal following final judgment," as required by R.C. 2505.02(B)(4)(b). Consequently, if we construe this order as an order denying a preliminary injunction, it would not be final and appealable.
 {¶ 19} Nor can we find that the court's order was final and appealable if it was intended to decide the case. The court's findings do not address appellants' claim for a declaration of their easement rights. Our decision in Haberley v. Nationwide Mut. Fire Ins. Co.
(2001), 142 Ohio App.3d 312, makes clear that the court's construction of the instrument at issue and its declaration of the parties' rights is a jurisdictional concern, not merely an advisable practice, in an action for a declaratory judgment. Also see Nickschinski v. Sentry Ins. Co.
(1993), 88 Ohio App.3d 185, 189. The court here did not make the requested declaration of the parties' rights and obligations and therefore has not determined the action.[1]
 {¶ 20} Regardless of how we might construe the common pleas court's decision, it is not a final order. Therefore, we lack jurisdiction over this appeal, and must dismiss it.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and TIMOTHY E. McMONAGLE, J., concur.
[1] We recognize that the common pleas court also has discretion to decline to provide declaratory relief in some circumstances. R.C. 2721.02
and 2721.07. However, it must expressly exercise this discretion if it chooses to do so.