OPINION
{¶ 1} Defendant-appellant, Industrial Commission of Ohio (hereinafter "Industrial Commission"), appeals the decision of the Seneca County Court of Common Pleas which granted judgment on the pleadings in favor of plaintiff-appellee, Palmer Brothers Concrete, Inc. (hereinafter "Palmer Brothers"). Because the trial court's judgment is not a final order, we dismiss the Industrial Commission's appeal.
 {¶ 2} On September 6, 2001, Jeremiah Michaels (hereinafter "Jeremiah") died from an injury he sustained during his employment with Palmer Brothers. Jeremiah's surviving spouse, Tamara Michaels (hereinafter "Tamara"), filed: (1) a claim with the Ohio Bureau of Workers' Compensation seeking benefits for Jeremiah's death; (2) a civil suit that included an intentional tort claim against Palmer Brothers; and (3) an application with the Industrial Commission seeking an additional award for Palmer Brothers' alleged violation of a specific safety requirement (VSSR).
 {¶ 3} Tamara subsequently entered into a "Release of All Claims" with Palmer Brothers. The Industrial Commission initially determined that the terms of the release barred the VSSR application and dismissed it. But the Industrial Commission later found that dismissal to be in error. As a result, Palmer Brothers filed a complaint seeking a preliminary and permanent injunction to stop reinstatement of the application, and a declaratory judgment under R.C. 2721.03 that the release precluded the same. Palmer Brothers also sought attorney fees and costs.
 {¶ 4} After the parties filed their answers, Palmer Brothers moved for judgment on the pleadings. Thereafter, the trial court made the following entry:
This matter is decisional on the Plaintiff's Motion forJudgment on the [P]leadings. The issues have been fully briefedby the parties. For the reasons set forth below, Plaintiff'sMotion is GRANTED.
 Simply put, the release signed by Tamara Michaels for theirtragic loss was for ". . . any and all claims, demands, actionsand causes of action, costs, loss and expense of every nature anddescription, including those now known or unknown, as a result ofdamages sustained on or about September 6, 2001 . . ." (Exhibit Bto Complaint).
 To the Court, nothing could be clearer. See generally Bd. OfCommrs. Of Columbiana Cty. v. Samuelson, (1986)24 Ohio St. 3d 62.
 Costs to Defendant.
 {¶ 5} It is from this decision that the Industrial Commission appeals and sets forth three assignments of error for our review.[1]
 ASSIGNMENT OF ERROR NO. 1 The trial court erred by holding that the release of allclaims covers the worker's compensation death claim and theviolation of a specific safety requirement.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred by granting appellee's motion forjudgment on the pleadings because even if the settlementagreement specifically referenced the violation of a specificsafety requirement, it cannot be settled without the approval ofthe Industrial Commission.
 ASSIGNMENT OF ERROR NO. 3 The trial court erred by not even addressing appellant'sargument that no violation of a specific safety requirement canbe settled without the approval of the Industrial Commission ofOhio.
 {¶ 6} The Industrial Commission's assignments of error pertain to the trial court's entry granting judgment on the pleadings, and, consequently, Palmer Brother's underlying complaint seeking a declaratory judgment. Before reaching the merits of each assignment of error, however, we must determine whether jurisdiction exists to hear this appeal.
 {¶ 7} Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. R.C. 2505.02(B) enumerates orders that are final and, therefore, appealable. An order that leaves issues unresolved and contemplates further action is not a final appealable order.State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430,2004-Ohio-5580, 816 N.E.2d 597, at ¶ 4, quoting Bell v. Horton
(2001), 142 Ohio App.3d 694, 696, 756 N.E.2d 1241. Moreover, the issue of whether an order is final and appealable is a jurisdictional question, which an appellate court may raise sua sponte. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 87, 541 N.E.2d 64.
 {¶ 8} A party to a written contract may seek a declaratory judgment establishing the party's "rights, status, or other legal relations" under the contract. R.C. 2721.02(A); R.C. 2721.03. Such a judgment has "the effect of a final judgment or decree." R.C. 2721.02(A). Notably, however, an entry granting summary judgment in a declaratory judgment action is not a final appealable order unless it expressly declares the parties' respective rights and obligations. Haberley v. Nationwide MutualFire Insurance (2001), 142 Ohio App.3d 312, 314, 755 N.E.2d 455; see, also, Grange Mutual Casualty Co. v. Jordan (Nov. 6, 1991), 3d Dist. No. 5-90-46, at *2-4 (discussing need to declare parties' rights and obligations when granting summary judgment in declaratory judgment action).
 {¶ 9} In this case, Palmer Brothers filed a motion for judgment on the pleadings, not a motion for summary judgment. But we find that distinction to be inconsequential. The same problem persists regardless of the motion filed: the trial court's entry does not expressly declare the parties' respective rights and obligations under the release. See R.C. 2721.02(A); R.C. 2721.03. Given this deficiency, we must conclude the trial court's entry granting Palmer Brothers' motion for judgment on the pleadings is not a final appealable order. See Haberley,142 Ohio App.3d at 314.
 {¶ 10} Additionally, the trial court's entry in this case did not address Palmer Brothers' request for injunctive relief.[2] Nor did the judgment entry address Palmer Brothers' request for attorney fees with any particularity. See, generally, Ft. Frye Teachers Association v. Ft. Frye LocalSchool Dist. Bd. of Edn. (1993), 87 Ohio App.3d 840,623 N.E.2d 232 (entry deferring final adjudication of attorney fees, or amount of fees, is not a final appealable order). Rather, the trial court's entry merely provides: "Costs to Defendant." Because the issues of injunctive relief and attorney fees were left unresolved, we find extra reasons exist to conclude the entry is not a final appealable order.
 {¶ 11} For the foregoing reasons, this court lacks jurisdiction to consider the merits of the Industrial Commission's assignments of error at this time. Accordingly, we must dismiss the Industrial Commission's appeal.
Appeal Dismissed.
 Bryant, P.J., and Rogers, J., concur.
[1] Although Palmer Brothers named Tamara as a defendant in the complaint, Tamara did not participate in this appeal.
[2] We acknowledge the possibility that the trial court's decision mooted Palmer Brothers' request for a preliminary and permanent injunction. We further acknowledge the parties entered into an agreement to halt the reinstatement of the VSSR application until the trial court rendered its decision. Nevertheless, we are unable to say the trial court adequately addressed Palmer Brothers' requests.