OPINION
{¶ 1} Plaintiff-appellant, Owner Operators Independent Drivers Risk Retention Group, appeals the judgment of the Marion County Court of Common Pleas, on competing motions for summary judgment, in favor of defendants-appellees, Natasha T. J. D. Stafford, Mieczyslaw K. Pielak, White Red Transportation Services, Inc., and Wesley Swiderek. Because the trial court's judgment entry is not a final, appealable order, we lack jurisdiction to hear Risk Retention Group's appeal at this time, and we must therefore dismiss it.
 {¶ 2} An automobile accident and two related legal proceedings underlie this case. Stafford was involved in an accident with Pielak, a White Red *Page 3 
employee, on August 27, 2003. Following the accident, Pielak pled no-contest to, and was found guilty of, aggravated vehicular assault in violation of R.C. 2903.08(A)(2), a fourth-degree felony. Stafford subsequently filed a liability proceeding against Pielak, White Red, and Swiderek.
 {¶ 3} On December 21, 2005, Risk Retention Group initiated this case when it filed a complaint for a declaration of rights and responsibilities under an insurance policy that it issued to White 
Red. In particular, Risk Retention Group sought a declaratory judgment that it did not maintain a duty under the policy to defend and/or indemnify Pielak, White Red, or Swiderek in the foregoing liability proceeding.[1]
 {¶ 4} On April 3, 2006, Risk Retention Group moved for summary judgment in this case. For support, Risk Retention Group pointed to a policy provision that excluded coverage for "`[b]odily injury' or `property damage' expected or intended from the standpoint of the `insured.'" Risk Retention Group argued that Pielak's no-contest plea and/or aggravated-assault conviction triggered the exclusion, and that the exclusion provided a basis to deny coverage to Pielak, White Red, and Swiderek as a matter of law.
 {¶ 5} Stafford, Pielak, White Red, and Swiderek all responded to Risk Retention Group's motion, and each filed competing motions for summary *Page 4 
judgment. They argued in the motions that neither the no-contest plea nor the conviction triggered the exclusion. Consequently, they concluded that the exclusion did not enable Risk Retention Group to deny coverage as a matter of law.
 {¶ 6} On November 16, 2006, the trial court issued a judgment entry that denied Risk Retention Group summary judgment and granted Stafford, Pielak, White Red, and Swiderek summary judgment. That judgment entry provides, in pertinent part, as follows:
 This day this declaratory judgment action came on to be heard on competing Motions for Summary Judgment filed by the Plaintiff and various Defendants herein. The Court has reviewed all of the memorandums and supporting materials provided by the various parties to this action.
 The Plaintiff seeks a judgment declaring that it is not responsible for insurance coverage for damages caused by Defendant Pielak due to that individual being convicted of vehicular assault as a result of the accident in this case. The Defendants seek a declaration that insurance coverage does exist and the coverage should be provided to the various Defendants. The precise issue presented to this Court for decision is whether the accident was excluded from coverage under the insurance policy written by Risk Retention Group because the injury to Defendant Stafford was "expected or intended from the standpoint of the insured". This Court finds that it was not.
 It appears that the law in the Third District, as expressed in Massett v. Moyer's Auto Wrecking, Inc., 2000 Ohio 1871 (Third District Court of Appeals 2000), the phrase "expected or intended" means "deliberately intended". The various citations provided by the Plaintiff provide instances where the tortfeasor clearly intended harm to the victim. However, in this case, the *Page 5 "recklessness" factor does not rise to the level of "deliberately intended".
 It is therefore the judgment of this Court that the various Defendants' Motions for Summary Judgment be granted and that the Plaintiff's Motion for Summary [sic] be overruled. Costs to Plaintiff.
 It is so ORDERED.
 {¶ 7} Risk Retention Group now appeals to this court and sets forth three assignments of error for our review. For purposes of clarity, we address the assignments of error together.
 ASSIGNMENT OF ERROR NO. I The trial court erred in failing to grant summary judgment to appellant, because the conviction of appellee Pielak for a crime involving recklessness conclusively proved that harm was expected to result from such conduct.
 ASSIGNMENT OF ERROR NO. II The trial court erred in granting summary judgment to the appellees, because the conviction of appellee Pielak for a crime involving recklessness conclusively proved that harm was expected to result from such conduct.
 ASSIGNMENT OF ERROR NO. III The trial court erred in granting summary judgment to appellees, because, appellees failed to meet their evidentiary burden, and, at a minimum, appellee Pielak's conviction of a crime involving recklessness created an issue of fact.
 {¶ 8} In general, each assignment of error pertains to Risk Retention Group's complaint for a declaration of rights and responsibilities under the *Page 6 
insurance policy that Risk Retention Group issued to White Red. Each assignment of error also challenges the trial court's decision to deny Risk Retention Group summary judgment and grant Stafford, Pielak, White Red, and Swiderek summary judgment. As we discussed above, Risk Retention Group specifically sought a declaratory judgment that it did not maintain a duty under the policy to defend and/or indemnify Pielak, White Red, or Swiderek in the underlying liability proceeding.
 {¶ 9} As a threshold matter, we must determine whether we possess jurisdiction to hear this appeal. Article IV, Section 3(B)(2), of the Ohio Constitution limits our jurisdiction to the review of final orders. R.C. 2505.02(B) lists orders that are final and therefore appealable.[2] Whether an order is final and appealable is a jurisdictional question that we may raise sua sponte. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64.
 {¶ 10} As a general rule, a trial court fails to fulfill its function in a declaratory judgment action when it issues a judgment entry that simply grants or denies summary judgment and does not set forth any construction of the document to law. Nickschinski v. Sentry Ins.Co. (1993), 88 Ohio App.3d 185, 189, 623 N.E.2d 660; see, also,Palmer Brothers Concrete, Inc. v. Indus. Comm., 3d Dist. No. 13-05-28,2006-Ohio-1659; Browder v. Shea, 10th Dist. No. 04AP-1217, *Page 7 2005-Ohio-4782; Stiggers v. Erie Ins. Group, 8th Dist. No. 85418,2005-Ohio-3434; Zarycki v. Royal Ins. Co., 8th Dist. No. 80898, 2002-Ohio-3908. As such, a judgment entry that grants summary judgment in a declaratory judgment action is not a final, appealable order unless it expressly declares the respective rights and obligations of the parties. Haberly v. Nationwide Mut. Fire Ins. (2001),142 Ohio App.3d 312, 314, 755 N.E.2d 455.
 {¶ 11} In this case, the trial court's judgment entry denied Risk Retention Group summary judgment and granted Stafford, Pielak, White Red, and Swiderek summary judgment. It did not, however, expressly declare the respective rights and obligations of the parties under the insurance policy that Risk Retention Group issued to White Red. Given this deficiency, we conclude that the trial court's judgment entry is not a final, appealable order. Accordingly, we lack jurisdiction to hear Risk Retention Group's appeal at this time, and we must therefore dismiss it.
Appeal dismissed.
ROGERS, P.J., and WILLAMOWSKI, J., concur.
[1] According to Risk Retention Group's appellate brief, it is currently defending Pielak, White Red, and Swiderek in that proceeding "under a reservation of rights."
[2] Nothing in the records indicates that Civ.R. 54(B) and the principles set forth therein apply in this case. *Page 1