JOURNAL ENTRY OPINION
{¶ 1} In this appeal, plaintiff-appellant Accent Group, Inc. ("Accent Group") appeals from a decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Village of North Randall's ("North Randall") motion for summary judgment. For the following reasons, this appeal is dismissed.
 {¶ 2} A review of the record reveals the following facts: In 1996, Accent Group purchased real property in the Village of North Randall and operated an automobile electronics and customization business in a building located on the property. Accent Group alleges that it spent over $760,000 in improvements to convert this building into a showroom and automobile accessory installation area. In 1999, Accent Group ceased operations and began attempts to lease the building.
 {¶ 3} On February 27, 2001, Accent Group filed a complaint for declaratory judgment alleging that North Randall arbitrarily and capriciously denied occupancy permits to three potential tenants, which caused it to lose substantial revenues. Accent Group also alleged that Village Zoning Code Chapter 1143, which prohibits automobile service and repair in the district in which Accent Group's property is located, is unconstitutional on its face and also amounts to an unconstitutional regulatory taking of its property because it renders the property without any economically viable use.
 {¶ 4} On November 15, 2001, North Randall filed a motion for summary judgment arguing that the trial court lacked jurisdiction to hear the declaratory judgment action and that Chapter 1143 is constitutional in that Accent Group cannot assert a taking since it has not been deprived of all economic use of its property. On July 7, 2003,[1] the trial court granted North Randall's motion for summary judgment on the following grounds:
 {¶ 5} "Pursuant to the Ohio Supreme Court's ruling inKarches v. Cincinnati (1988), 38 Ohio St.3d 12, 17, a declaratory action is ripe for the trial court's review only after the court determines an actual controversy. The Karches
Court specifically held that `a prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of the zoning regulation to the specific property in question.' Id.
 {¶ 6} "Moreover, the Court shall consider whether or not the plaintiff in the action exhausted her administrative remedies, as failure to exhaust administrative remedies may be a valid defense available to the defendant. Id. A party need not exhaust the available administrative remedies in a declaratory action if any of the two exceptions exist: (1) if there is no administrative remedy available, Kaufman v. Newburgh Heights (1971),26 Ohio St.2d 217, or if resort to administrative remedies would be wholly futile, Glover v. St. Louis-San Franciso Ry. Co. (1969),393 U.S. 324; or (2) when the available remedy through exhaustion of administrative remedies is onerous or unusually expensive.Gates Mills Investment Co. v. Pepper Pike (1975),44 Ohio St.2d 73.
 {¶ 7} "In the instant suit, this Court declares that there is no final decision made by the Village regarding a permit or variance under the zoning code for this Court to review. Because the plaintiff never made an application to the Village, a final decision has not been rendered by the Village. Accordingly, this Court declares that an actual controversy does not exist. Additionally, this Court holds that neither of the two exceptions exist exempting Plaintiff from exhausting the administrative remedies. Thus, the Plaintiff's claim as to the constitutionality of the zoning ordinance is not ripe for this Court's review.
 {¶ 8} "As to the Plaintiff's taking claim, this Court holds that the Village is entitled to summary judgment as a matter of law. Ohio law has consistently held that a taking only occurs if an ordinance infringes upon a landowner's rights "to the point that there is no economically viable use of the land." GoldbergCos., Inc. v. Richmond Hts. City Council (1998),81 Ohio St.3d 207. The requirement of a landowner to have to obtain a permit to utilize his or her land in a certain way does not constitute a taking.
 {¶ 9} "Here, this Court is not faced with circumstances rising to the level of a taking. Based on the Plaintiff's failure to apply for a permit or variance, there is no way for this Court to make a determination that a portion of Plaintiff's property is no longer economically viable. Accordingly, this Court holds that Plaintiff's taking claim fails as a matter of law."
 {¶ 10} It is from this decision that Accent Group appeals and raises two assignments of error.
 {¶ 11} "I. The court erred in granting defendant's motion for summary judgment on plaintiff's pleading for declaratory relief under Ohio Revised Code Section 2721 et. seq.
 {¶ 12} "II. The court erred in granting summary judgment on the issue of regulatory taking."
 {¶ 13} Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the trial courts in their district. See Section 3(B)(2), Art. IV, Ohio Constitution; R.C.2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C.2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.
 {¶ 14} When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. Haberley v. Nationwide Mut. Fire Ins. Co. (2001),142 Ohio App.3d 312; Hall v. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653.
 {¶ 15} Here, the trial court did not adequately address all of the parties' rights and obligations with respect to the constitutionality of the zoning ordinance at issue. Although the court made a finding with respect to the constitutionality of the ordinance as it applied to Accent Group, i.e. issue not ripe for determination, it failed to address the broad constitutional question affecting the validity of the entire ordinance. Accordingly, we find that the trial court's judgment has failed to grant the relief requested and the appeal is dismissed for lack of a final appealable order. See Dome Energicorp v. OlmstedTwp. Bd. of Zoning Appeals (Jan. 31, 1985), Cuyahoga App. Nos. 48554, and 48795.
 {¶ 16} For the foregoing reasons, this appeal is dismissed. The parties may move to reinstate this action within 30 days of obtaining a final appealable order.
 {¶ 17} The appeal is dismissed.
Appeal dismissed.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Plea to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The trial court originally entered judgment in favor of North Randall on February 4, 2002; however, that decision was remanded by this Court on October 3, 2002 for a decision by the trial court, which declared the rights and obligations of the parties. See Accent Group, Inc. v. N. Randall (Oct. 3, 2002), Cuyahoga App. No. 80890.