JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Highlands Business Park, LLC and new party plaintiffs Edward Schwartz, Jonathan Berns, and ORG Holdings Limited (collectively, "plaintiffs") appeal from a common pleas court order dismissing Highlands' complaint and awarding summary judgment in favor of the defendant on its counterclaim/third-party complaint. Plaintiffs contend, first, that the common pleas court's order is not final and appealable because the court did not enter a declaratory judgment as requested in the complaint. Alternatively, plaintiffs assert that the court erred by dismissing the complaint, by failing to find that a 2001 contract constituted a novation discharging any liability Highlands might have to defendant under an earlier contract, by failing to find that the defendant's failure to disclose its dual agency barred it from receiving commissions in connection with the dual agency, by granting judgment against persons not parties to the contract, and by awarding interest at an excessive rate.
 {¶ 2} We find that the court's "final order" is final and appealable, and that the court did not abuse its discretion by failing to declare the parties' rights and liabilities under the contracts. Further, we find that the court properly entered summary judgment for defendant on its claim for commissions due under the 1999 agreement, and that there was no evidence the 2001 agreement was a novation superceding the 1999 agreement. We also find that the defendant's dual agency did not preclude it from recovering commissions, but that the court erred by awarding judgment for these commissions against two persons not parties to any of the relevant contracts, Jonathan Berns and ORG Holdings. Finally, we find that a change in the law during the pendency of this action required the common pleas court to apply a different rate of interest to a part of the judgment. Therefore, we reverse the common pleas court's judgment in part, but only to the extent that (a) the court entered judgment against Jonathan Berns and ORG Holdings, and (b) the court applied an incorrect rate of interest for the period beginning June 2, 2004 and thereafter. We remand for the court to modify the judgment in accordance with this opinion. We affirm the judgment in all other respects.
Procedural History
 {¶ 3} On June 11, 2003, plaintiff Highlands Business Park, LLC ("Highlands") filed its complaint for declaratory relief and monetary damages. Highlands alleged that, in 1999, it contracted to pay defendant commissions for services in leasing space in Highlands Business Park in 1999. Highlands also alleged that, in 2001, it entered into another contract with defendant which gave defendant the exclusive right to offer property for lease for a period of one year. This contract contained a merger clause which provided that the 2001 agreement "constitutes the entire agreement between the parties." Highlands asserted that this contract superceded the 1999 contract.
 {¶ 4} Within the one-year exclusive agency period, Highlands leased property to Marcus Thomas. In its complaint, Highlands contended that defendant represented both Marcus Thomas and Highlands without obtaining Highlands' consent to the dual representation in accordance with statutory requirements.
 {¶ 5} Highlands sought a declaratory judgment determining (1) whether it was obligated under the 1999 contract following the execution of the 2001 contract, and (2) whether defendant was entitled to any commission for the Marcus Thomas lease. It also demanded return of the portion of the commission it already paid to defendant for the Marcus Thomas lease.
 {¶ 6} Defendant counterclaimed for commissions it claimed it earned under the 1999 contract. With respect to the Marcus Thomas lease, defendant asserted that it provided notice of its dual representation to new party plaintiffs Edward Schwartz, Jonathan Berns, and ORG Holdings Limited, on behalf of themselves and Highlands, as well as Marcus Thomas, and obtained both parties' consent. Defendant demanded payment of its commissions for the Marcus Thomas transaction as well as attorney's fees and costs.
 {¶ 7} Both Highlands and defendant moved for summary judgment. In support of its motion, Highlands attached copies of the deposition testimony of Edward Schwartz and Jonathan Berns, managing members of Highlands, and Robert Nosal, defendant's managing director. Defendant attached to its motion affidavits of Robert Nosal and Jeffrey Cristal, a real estate broker employed by defendant. In responding to defendant's motion, plaintiffs supplied additional portions of the deposition testimony of Edward Schwartz, Jonathan Berns, Robert Nosal, and Jeffrey Cristal as well as an affidavit of Jonathan Berns.
 {¶ 8} On July 28, 2004, the common pleas court indicated that it was granting defendant's motion, and ordered defendant to submit a proposed order setting forth the exact amounts due. On August 16, 2004, the court entered a "final judgment entry" which ordered that the complaint be "dismissed as a matter of law at Plaintiff's costs," and that judgment should be entered as a matter of law on defendant's counterclaims. The court awarded defendants judgment against Highlands for commissions due under the 1999 contract in the amount of $61,205 for the continuation of the lease, $11,040 for continuation of a lease expansion, and $19,880 for a second lease expansion, plus interest at the rate of ten percent from the dates these amounts were due. The court further awarded defendant $89,200 for commissions due under the Marcus Thomas lease, plus interest, against both Highlands and new party plaintiffs Schwartz, Berns and ORG. Plaintiffs then filed this appeal.
Facts
 {¶ 9} Copies of both contracts between Highlands and defendant were attached to the complaint. The 1999 contract provided that Highlands would pay a commission to defendant "for your part in effecting the Lease Transaction for Allen-Bradley CO. [sic], LLC, A Rockwell Automation Business (Lessee) for a portion of Building One of the Highlands Business Park, Warrensville Heights, Ohio 44128." Pursuant to the contract, defendant would receive a fee of four percent of the total lease consideration. $55,641 was payable immediately upon acceptance of the contract, and another $61,205 was payable upon the expiration of the lessee's right of early termination, conditioned upon the lessee's continued payment of rent and other charges. In addition, defendant was to receive a fee equal to four percent of the consideration paid for any expansion space taken by the lessee.
 {¶ 10} Defendant received the initial payment of $55,641 from Highlands on February 24, 1999. The lessee expanded its space by 9,600 square feet in December 1999; Highlands paid defendant $7,520 as its commission for this expansion. Defendant presented evidence that the lessee's right of early termination passed on or about February 1, 2003. As a result, it claimed it was entitled to a payment of $61,205 as its commission on the initial lease space, as well as $11,040 for the 9,600 square foot expansion space. Defendant also asserted that the lessee expanded its space again for a period of at least five years, and it was entitled to at least $19,040 in commissions on this expansion.[1]
 {¶ 11} In the 2001 contract, the "owner" of a facility to be built at 4480 and 4520 Richmond Road granted defendant an exclusive right to lease the subject property for a period of one year from March 30, 2001, and agreed to pay defendant a commission for any leases defendant obtained during that period as set forth in an attached schedule. In general, the schedule provided for a fee equal to six percent of the first million dollars of total gross consideration for the lease, and four percent of any amounts above that. The agreement also contained a clause which stated: "This agreement constitutes the entire agreement between the parties and may not be amended except in writing and executed by the parties." This agreement was signed by Edward Schwartz as "owner," and was accepted by Robert Nosal as managing director of defendant.
 {¶ 12} On January 1, 2002, Highlands entered into a lease agreement with Marcus Thomas, LLC; a copy of that lease is appended to the deposition of Robert Nosal, as part of Exhibit 11. Defendant acted as a "dual agent" in the transaction, representing both parties. Defendant's managing director, Robert Nosal, represented Highlands, while broker Jeffrey Cristal represented Marcus Thomas. Before the lease was executed, on August 29, 2001, defendant provided ORG Holdings, Ltd., Edward Schwartz and Jonathan Berns with a written notification of dual agency which stated:
 {¶ 13} "Gentlemen:
 {¶ 14} "Pursuant to our commission agreement and, as a legal requirement relating to Dual Agency, this letter will serve as written notice disclosing the fact that Grubb Ellis, as exclusive broker, represents both marcusthomas as prospective tenant and you, as prospective landlord, for the following building:
1. "Highland Business Park 2. "4520 Richmond Road 3. "Warrensville Heights, Ohio
 {¶ 15} "This same notification letter has been submitted to and acknowledged by marcusthomas. Please sign and return the duplicate original letter enclosed, which has been attached and made a part of the commission agreement.
 {¶ 16} "Should you have any questions, please do not hesitate to call.
 {¶ 17} "Sincerely,
 {¶ 18} "/s/ Jeffrey D. Cristal
 {¶ 19} "Jeffrey D. Cristal, SIOR
 {¶ 20} "Senior Vice President, SMC

{¶ 21} "ACKNOWLEDGED: /s/ Edward Schwartz Date: 12/4/01
 "Ed Schwarz, ORG Holdings
 "/s/ Jonathan Berns Date: 12/4/01
 "Jonathan Berns"
 Law and Analysis Final Appealable Order
 {¶ 22} Initially, plaintiffs urge this court to dismiss the appeal for lack of a final appealable order, contending that the trial court failed to enter a declaratory judgment as requested in the complaint. Alternatively, they argue that the court erred by dismissing the complaint rather than specifically construing the contracts and declaring the parties' rights under them.
 {¶ 23} As a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue. Hence the entry of judgment in favor of one party or the other, without further explanation, is jurisdictionally insufficient; it does not qualify as a final order. See, e.g., Hall v. Strzelecki,
Cuyahoga App. No. 80097, 2002-Ohio-2258, ¶ 7.
 {¶ 24} In this case, however, the court did not enter judgment in favor of one party or the other on the complaint; the court dismissed the complaint in light of its ruling on the merits of defendant's counterclaim. The court disposed of the complaint without ruling on its merits, so no declaration was required.
 {¶ 25} A declaratory judgment action is a creature of statute. "The Declaratory Judgments Act was fashioned to provide remedies where none exists, in the situation where a particular controversy has not advanced to the point where a conventional remedy is reasonably available." D.H.Overmeyer Telecasting Co. v. American Home Assurance Co. (1986),29 Ohio App.3d 31, 32. "The entertainment of a declaratory judgment action rests within the sound discretion of the trial court." Id.
 {¶ 26} "Where the resolution of the controversy involved in an action for a declaratory judgment depends largely on a determination of facts although it may also involve some determination of the meaning of language in a contract or legislative enactment, the trial court, in the exercise of sound discretion, may either entertain or not entertain such action." Smith v. Municipal Civ. Serv. Comm. (1952), 158 Ohio St. 401. In this case, defendant's counterclaims explicitly asked the court to resolve issues which were implicit in the complaint's request for a declaratory judgment: whether defendant had a right to recover commissions from plaintiffs. Plaintiffs raised as defenses the same matters they raised in the complaint for a declaratory judgment. Thus, all the factual and legal issues were fully joined by the counterclaim, while they were not by the complaint. The court did not abuse its discretion by dismissing the complaint and resolving the counterclaim, and its order is final and appealable. Accordingly, we overrule plaintiffs' motion to dismiss and its first assignment of error.
Novation
 {¶ 27} Plaintiffs next contend that the court erred by failing to find that the 2001 contract was a contract of novation which discharged any liability they might have under the 1999 contract. A novation occurs when the parties enter into a new agreement which covers the subject matter of a former contract, and mutually agree to discharge their obligations under the former contract. "It is well-settled a novation is never presumed and the determination of whether a novation occurred is a question of fact * * *." United States Fid. Guar. Co. v. Stahl (Apr. 29, 1993), Cuyahoga App. No. 62186 (citing Citizens State Bank v.Richart (1984), 16 Ohio App.3d 445, 447).
 {¶ 28} The integration clause in the 2001 contract is the only evidence of a novation which plaintiffs present. "A binding integrated agreement discharges prior agreements to the extent that it is inconsistent with them." Restatement of the Law (Second), Contracts, § 209(1). However, the 2001 contract does not control the same subject matter as the 1999 contract, so it is not inconsistent with and did not discharge the parties' obligations under the 1999 contract. Though both agreements broadly provide for the payment of commissions to defendant, the commissions compensate the defendant for leasing activities at different properties. Moreover, the 2001 agreement is limited to the payment of commissions for lease transactions entered into during defendant's one-year exclusive agency, and for subsequent leases with prospects who were brought to plaintiffs during the agency period.[2]
Despite the integration clause, the 2001 agreement had no effect on a prior agreement to pay commissions in connection with an existing lease of space in a separate building.
 {¶ 29} Moreover, Highlands is not a named party to the 2001 contract. Though Highlands has adopted the owner's obligations under that agreement, this unilateral action is not a novation, which requires mutual assent.
 {¶ 30} Therefore, we overrule the second assignment of error.
Dual Agency
 {¶ 31} Plaintiffs next claim the court erred by failing to find that defendant was barred from recovering any commissions in connection with the Marcus Thomas lease, because defendant acted as a dual agent in that transaction without properly disclosing that fact. Pursuant to the version of R.C. 4735.71 in effect at the time the Marcus Thomas lease was entered into, "no licensee or brokerage shall participate in a dual agency relationship * * * unless both the seller and the purchaser in the transaction have full knowledge of the dual representation and consent in writing to the dual representation on the dual agency disclosure statement described in section 4735.73 of the Revised Code. Before a licensee obtains the consent of any party to a dual agency relationship, the licensee shall disclose to both the purchaser and seller all relevant information necessary to enable each party to make an informed decision as to whether to consent to the dual agency relationship."
 {¶ 32} The version of R.C. 4735.73 in effect at the time in turn required:
 {¶ 33} "The superintendent of real estate, with the approval of the Ohio real estate commission, shall establish by rule the dual agency disclosure statement, which shall specify the duties of an agent in a dual agency relationship pursuant to this chapter. The dual agency disclosure statement shall contain a place for the licensees and parties to the transaction to sign and date the statement and shall contain sections for the disclosure of all of the following:
 {¶ 34} "(A) Unless confidential, the identity, including names and addresses, of both clients;
 {¶ 35} "(B) A description of the real property involved;
 {¶ 36} "(C) An explanation of the nature of the dual agency relationship, including a statement that in serving as a dual agent, licensees in the brokerage represent two clients whose interests are, or at times could be, different or adverse;
 {¶ 37} "(D) That as a result of the dual agency relationship, the dual agent may not be able to advocate on behalf of the client with the same skill and energy the dual agent may have if the agent represents only one client.
 {¶ 38} "(E) A description of the duties the brokerage and its affiliated licensees and employees owe to each client, including the duty of confidentiality;
 {¶ 39} "(F) That neither the brokerage nor its affiliated licensees have any material relationship with either client other than incidental to the transaction, or if the brokerage or its affiliated licensees have such a relationship, a disclosure of the nature of the relationship. For purposes of this division, "material relationship" means any actually known personal, familial, or business relationship between the brokerage or an affiliated licensee and a client that could impair the ability of the brokerage or affiliated licensee to exercise lawful and independent judgment relative to another client.
 {¶ 40} "(G) That as a dual agent, the brokerage cannot engage in conduct that is contrary to the interests or instructions of one party or act in a biased manner on behalf of one party;
 {¶ 41} "(H) A section for specifying the source of compensation to the real estate broker;
 {¶ 42} "(I) That the client does not have to consent to the dual agency relationship, and the options available to the client for representation in the transaction if the client does not consent including the right of the client to terminate the agency relationship and seek representation from another source;
 {¶ 43} "(J) That the consent of the client has been given voluntarily, that the signature indicates informed consent, and that the dual agency disclosure statement has been read and understood."
 {¶ 44} Plaintiffs urge that the defendant failed to comply strictly with R.C. 4735.71 and 4735.73, and that this failure deprives it of any right to recover a commission for this transaction. Even if we assume (without deciding) that defendant's conduct did not comply with statutory disclosure requirements, however, we cannot agree that the statutory prohibition against "participation" in a dual agency relationship under this circumstance deprives defendant of any right to recover a commission.
 {¶ 45} Plaintiffs rely upon Martin v. Kmart Corp., Pike App. No. 01CA659, 2001-Ohio-2592 for this proposition. The court in Martin
concluded that there was no evidence the real estate agent had represented the seller, Kmart, nor had Kmart contractually agreed to pay a commission to the agent, so the agent had no right to recover commissions from Kmart. Here, by contrast, it is undisputed that defendant represented Highlands in the subject lease transaction and agreed to pay defendant commissions. Therefore, we do not agree thatMartin is dispositive here.
 {¶ 46} The purpose of the dual agency disclosure requirements is to ensure that the parties are aware of the potential conflict of interest their agent may face in the negotiations, and consent to continued representation. While the failure to disclose dual representation may amount to a breach of fiduciary duty, and may constitute misconduct subject to sanction by the Department of Commerce, Division of Real Estate, we cannot perceive any reason why it should be a defense to a claim for commissions. Therefore, we overrule the third assignment of error.
Joint and Several Liability
 {¶ 47} In their fourth assignment of error, plaintiffs complain that the court erred by finding Edward Schwartz, Jonathan Berns, and ORG Holdings liable for commissions due to defendants for the Marcus Thomas lease. They claim that Highlands is the only party contractually obligated to pay defendant a commission. In response, defendant argues that these parties' execution of documents without disclosure that they were acting for Highlands in a representative capacity made these plaintiffs liable on their own behalf.
 {¶ 48} Highlands apparently concedes that it is a party to the 2001 exclusive agency contract, even though it is not named anywhere in that document. It claims that Schwartz, Berns and ORG are not parties to that contract. However, Schwartz signed the agreement as "owner." There is no indication that he signed the agreement on behalf of Highlands, ORG or anyone else. Therefore, we agree with defendant that Schwartz may be held liable for commissions due pursuant to the exclusive agency contract.
 {¶ 49} The lease contract between Highlands and Marcus Thomas was executed by Jonathan Berns as the managing member of Highlands Business Park, LLC, which was identified in the agreement as the "landlord." Paragraph 21.12 states that the "Landlord agrees to pay to the Brokers [defendant] any commission or fee to which they may be entitled in connection with this lease." Berns did not agree to be personally liable to defendant by executing this lease on Highlands' behalf.
 {¶ 50} ORG is not a party to any of these agreements, although it apparently participated in the negotiations. Therefore, it cannot be held liable for commissions due to defendant.
 {¶ 51} Accordingly, we sustain the fourth assignment of error in part. We reverse the judgment entered against plaintiffs Jonathan Berns and ORG and remand this case for the common pleas court to enter judgment in their favor. We find no error in the court's decision to hold Schwartz liable personally, however, and overrule the fourth assignment of error in this respect.
Interest Rate
 {¶ 52} Finally, plaintiffs complain that the court awarded defendant interest at an excessive rate. The parties' agreements did not provide for interest on any amounts due. Therefore, the statutory rate applied. The court in this case awarded defendant ten percent interest per annum from the dates that each of the obligations were due. Plaintiffs contend that this rate exceeds the applicable statutory rate pursuant to R.C.1343.03 and 5703.47. Defendant responds that plaintiffs waived the right to challenge the interest rate because they did not object to the proposed entry defendant submitted to the common pleas court.
 {¶ 53} Pursuant to Loc. R. 19 of the Cuyahoga County Common Pleas Court, when counsel submits a proposed judgment entry to the court, he or she must "submit it to opposing counsel who shall approve or reject it within three (3) days after its receipt and may file objections in writing with the court." This rule does not require a party to file objections; it simply allows them to do so. Therefore, we cannot construe plaintiffs' failure to file objections as a waiver of the right to object. Moreover, the rule further provides that "[t]he Court shall approve a journal entry deemed by it to be proper, sign it and cause it to be filed with the Clerk * * *." With or without objections, it is the court's duty to enter a proper judgment.
 {¶ 54} During the pendency of this action, R.C. 1343.03 was amended, effective June 2, 2004. Prior to the amendment, R.C. 1343.03(A) provided, in pertinent part:
 {¶ 55} "In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payable upon any * * * instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract * * *, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 56} Following the amendment, R.C. 1343.03(A) now provides that "the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code." R.C. 5703.47 establishes an interest rate equal to the federal short-term rate plus three percent, calculated annually. This rate for calendar year 2004 was 4%.
 {¶ 57} Section 3 of H.B. No. 212 (the legislation which amended R.C.1343.03(A)), further provided:
 {¶ 58} "The interest rate provided for in division (A) of section1343.03 of the Revised Code, as amended by this act, applies to actions pending on the effective date of this act. In the calculation of interest due under section 1343.03 of the Revised Code, in actions pending on the effective date of this act, the interest rate provided for in section1343.03 of the Revised Code prior to the amendment of that section by this act shall apply up to the effective date of this act, and the interest rate provided for in section 1343.03 of the Revised Code as amended by this act shall apply on and after that effective date."
 {¶ 59} Pursuant to this provision, the common pleas court should have awarded defendant interest at the rate of ten percent per annum from the date the money became due and payable until June 2, 2004, and four percent per annum thereafter. Accordingly, we reverse the judgment with respect to the rate of interest applied by the court and remand with instructions to modify the judgment in accordance with this opinion.
Conclusion
 {¶ 60} We hold that the common pleas court's order was final and appealable, and that the court did not abuse its discretion by dismissing the complaint. The court properly entered summary judgment for defendant on its claim for commissions due from Highlands under the 1999 agreement. The court also properly entered summary judgment for defendant on its claim for commissions due from Highlands and Schwartz for the Marcus Thomas lease. However, the court erred by entering judgment against Jonathan Berns and ORG Holdings Limited, and by awarding interest at the rate of ten percent per annum from the date the amounts were due.
 {¶ 61} Therefore, we reverse the judgment against defendants Berns and ORG and remand for the common pleas court to enter judgment in their favor. We further reverse the common pleas court's judgment with respect to the rate of interest and remand with instructions for the court to modify its judgment to award defendant interest at the rate of ten percent per annum from the dates the various sums became due and payable until June 2, 2004, and four percent per annum thereafter until fully paid. We affirm the court's judgment in all other respects.
 {¶ 62} This cause is reversed in part, but only to the extent that (a) the court entered judgment against Jonathan Berns and ORG Holdings, and (b) the court applied a rate of interest of ten percent per annum for all amounts due. This cause is affirmed in all other respects. This matter is remanded to the lower court for the entry of judgment in favor of Jonathan Berns and ORG Holdings Limited, and for modification of the rate of interest consistent with this opinion.
It is, therefore, considered that said appellee recover of said appellants its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J. Concurs Dyke, J. Concurs in judgment only.
[1] In its response to the counterclaim, Highlands denied that the lessee expanded its leased space a second time. Defendant does not point to any evidence in the record that this expansion occurred. While Robert Nosal, the defendant's managing director, averred that the tenant expanded its space by 13,600 square feet, he does not say when this expansion occurred or how he came to know about it. Nonetheless, Highlands does not challenge any of the defendant's specific claims to commissions under the 1999 agreement, choosing instead to challenge the vitality of that agreement after the 2001 contract was executed.
[2] Under paragraph six of the 2001 agreement, "[i]n the event of an offer to lease at the annual rental, terms and conditions set forth above, or such other as maybe accepted by the undersigned during the term of this agreement, the undersigned agree[s] to pay [defendant] a commission as set forth on the Schedule of Fees attached hereto and made a part hereof as Rider B." Paragraph seven provides that "[d]uring the terms and within one month after the termination of this contract, the [defendant] shall submit in writing to the undersigned the names of those prospects to whom the Property has been submitted * * *. In the event the property is leased to any such prospects within a period of six (6) months following such termination, the [defendant] shall be compensated in accordance with the schedule set forth on Rider B herein."