JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Garee Stiggers, appeals the trial court's grant of summary judgment to appellee, Erie Insurance Exchange ("Erie"). For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} Appellant entered into a contract with Eldridge Elie, dba Elie Construction, to build an addition onto her home. Elie was insured by Erie at the time of the contract under a commercial general liability policy. Stiggers was not satisfied with the work performed by Elie, and the addition was not finished. Stiggers eventually obtained a default judgment against Elie in the amount of $55,780; Elie is not a party to this action. Stiggers then filed, in one pleading, a supplemental complaint against Erie pursuant to R.C. 3929.06 and a complaint for declaratory judgment pursuant to R.C. 2505.02 in an attempt to collect the judgment.
 {¶ 3} Both parties filed motions for summary judgment. The trial court issued the following decision thereupon:
 {¶ 4} "DEFENDANT ERIE INSURANCE INSURES NON-PARTY ELIE WHO PROVIDED CONSTRUCTION SERVICES ON THE PLAINTIFF'S HOME. PLAINTIFF OBTAINED A DEFAULT JUDGMENT AGAINST ELIE IN A SEPARATE ACTION. PLAINTIFF BRINGS THE CURRENT SUIT UNDER R.C. 3929.06 FOR INSURANCE PAYMENTS ON THAT JUDGMENT. THAT STATUTE PERMITS RECOVERY OF A FINAL JUDGMENT FROM AN INSURER WHEN THE INSURED IS COVERED FOR SAID LOSS AT THE TIME THE CAUSE OF ACTION ACCRUES. HOWEVER, THE UNDISPUTED FACTS IN THIS CASE ESTABLISH THAT THE PROPERTY DAMAGE ALLEGED BY PLAINTIFF INVOLVES ONLY THE NEW CONSTRUCTION PERFORMED BY ELIE. AS SUCH, PLAINTIFF'S CLAIMS ARE IN THE NATURE OF BREACH OF CONTRACT OR BREACH OF WARRANTY AND DO NOT TRIGGER COVERAGE UNDER THE INSURANCE POLICY ISSUED TO ELIE BY DEFENDANT ERIE. THEREFORE, R.C.3929.06 DOES NOT APPLY. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED. ACCORDINGLY, PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT IS DENIED."
 {¶ 5} When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. Accent Group, Inc. v.Village of N. Randall, Cuyahoga App. No. 83274, 2004-Ohio-1455, ¶ 14, citing Haberley v. Nationwide Mut. Fire Ins. Co. (2001),142 Ohio App.3d 312, 755 N.E.2d 455; Hall v. Strzelecki (June 25, 2001), Cuyahoga App. No. 78653.
 {¶ 6} The trial court's judgment entry in this matter does not address the parties' rights and obligations under the insurance contract, but merely declares that coverage is not "triggered" as a result of an "undisputed" fact. This court stated in Nickschinski v. Sentry Ins. Co.:
 {¶ 7} "An action which seeks the declaration of rights and obligations is not the type of action ideally suited to disposition by summary judgment. Therefore, `* * * as a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law under consideration. * * *'"
 {¶ 8} (1993), 88 Ohio App.3d 185, 189, 623 N.E.2d 660, citingWaldeck v. North College Hill (1985), 24 Ohio App.3d 189, 190,493 N.E.2d 1375, quoting Kramer v. West American Ins. Co.(Oct. 6, 1982), Hamilton App. Nos. C-810829 and 810891; see, also, Kubicki v. City ofNorth Royalton (Sept. 10, 1998), Cuyahoga App. No. 73454, 3-4.
 {¶ 9} The trial court in the case at bar attempted to set forth some reasoning for its grant of appellee's motion for summary judgment; however, the language of the judgment entry is too vague and unspecific and does not adequately advise the parties of their rights and obligations under the contract.
 {¶ 10} Therefore, pursuant to Civ.R. 54(B) and R.C. 2505.02, this court is deprived of jurisdiction in this matter. Accordingly, this appeal is dismissed for lack of a final appealable order.
It is ordered that appellant and appellee share the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.