JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This is the second time this case has been on appeal to this court, and the second time we dismiss for lack of a final appealable order.
 {¶ 2} Appellant, American Family Insurance Company ("American Family"), again appeals from the judgment of the common pleas court that granted a motion for directed verdict in favor of appellees, Patricia and Thomas Johnson. We quote from this court's opinion in Am. FamilyIns. Co v. Johnson. (Feb. 8, 2007), Cuyahoga App. No. 88023 ("Am.Family I"), in which we dismissed American Family's first appeal for lack of a final appealable order, to explain the facts of the case:
 {¶ 3} "American Family filed this declaratory judgment action against the Johnsons on October 12, 2004. The action was filed following the submission of a claim by the Johnsons under their homeowner's policy for fire damage of approximately $118,000 to their house. The fire occurred in September 2003.
 {¶ 4} "In its complaint, American Family alleges that the Johnsons provided misrepresentations or omissions in their application for insurance and that a controversy has arisen as to whether these actions were material to the application and rendered the policy of insurance void. American Family also alleges that a controversy has arisen as to whether the Johnsons caused an intentional loss to the insured premises and engaged in fraud. American Family requested that the court declare the respective rights and obligations of the parties under the policy. A copy of the policy was attached to the complaint. *Page 4 
 {¶ 5} "The matter proceeded to a bench trial where American Family called several witnesses to testify. At the conclusion of American Family's case, defense counsel moved for a directed verdict, claiming American Family had failed to establish the elements of its case. The trial court granted the motion, concluding, `I don't find that there's sufficient information by a preponderance of the evidence that [the Johnsons] were involved in [the] starting of the fire, nor do I find that the application process for which the answers were omitted or deleted or not answered sufficient to warrant rendering this contract void.'"
 {¶ 6} The trial court subsequently issued the following findings of fact and conclusions of law:
 {¶ 7} "The defendants regularly paid premiums to the plaintiff for home casualty insurance for over a year. Defendants produced checks to establish this fact. During the interim[,] plaintiff, despite having knowledge that its own agent originally responsible for writing the policy was released and having had a second agent re-write the policy, never raised any issue about the truthfulness of any of the statements made by defendants to set the policy into effect. Nearly a full year passed without plaintiff questioning the authenticity of any of the answers that Patricia Johnson provided. The presence of a blank application in the plaintiff's file with Ms. Johnson's signature affixed thereon raised serious credibility issues which questions the plaintiff's business practices. *Page 5 
 {¶ 8} "Plaintiff had ample opportunity to determine the veracity of these statements. Furthermore, plaintiff did have knowledge defendants had filed for bankruptcy before issuing the policy. The plaintiff went to inspect the home of defendants for fire or other pre-existing damage and found nothing to prevent it from issuing a policy to defendants. Rather, plaintiff continued to accept premiums until a claim for fire damage losses was made. In light of the foregoing, the claim that material misrepresentations were made has not been proved. Defendants satisfied the material conditions of the insurance contract. And in any event[,] under the facts here, they were waived. City of [sic] NorthOlmsted v. Eliza Jennings (1993), Ohio App.3d 173. Plaintiff failed to prove by the preponderance of the evidence that the fire was not accidental. Plaintiff had over a year to investigate any and all inconsistencies in the defendants' application, but failed to properly do so."
 {¶ 9} American Family subsequently appealed from the trial court's ruling, raising three assignments of error which challenged the trial court's granting of a directed verdict. This court dismissed American Family's appeal for lack of a final appealable order. See Am.Family I, supra. The court noted first that when a bench trial is held, a motion for a directed verdict is deemed to be a motion for involuntary dismissal pursuant to Civ.R. 41(B)(2). The rule authorizes a trial court, in its discretion, to dismiss an action if the plaintiff has failed to prove its case by a preponderance of the evidence or the otherwise applicable burden of proof. The rule requires that if the court renders judgment on the merits against the plaintiff, "the *Page 6 
court shall make findings as provided in Civ.R. 52 if requested to do so by any party." Civ.R. 41(B)(2).
 {¶ 10} This court then held that the trial court's findings of fact and conclusions of law "failed to adequately declare the rights and obligations of the parties under the insurance contract." This court found that the findings of fact and conclusions of law "did not even mention the insurance contract, let alone construe the policy at issue." This court further found that, despite evidence at trial that Patricia Johnson had provided information for the insurance application which was utilized by American Family, the trial court "failed to consider whether the statements made by Patricia Johnson in the insurance application were incorporated into the insurance policy as warranties or representations and whether any misstatement of fact would render the policy void ab initio or voidable * * *." Further, this court found that although the trial court had concluded that American Family had failed to prove that the fire was not accidental, "the trial court did not declare the rights and obligations of the parties for accidental and intentional losses or for fraudulent conduct under the homeowner's policy."
 {¶ 11} After this court dismissed American Family's appeal in Am.Family I, the trial court re-issued the same findings of facts and conclusions of law, but added one sentence to its judgment. The sentence stated, "[t]herefore, plaintiff American *Page 7 
Family Insurance Company has the duty to pay for any and all damages as a result of the fire at the defendants' residence at the Euclid Avenue home in June 2002."[1]
 {¶ 12} American Family now appeals from the trial court's revised judgment. Once again, we dismiss for lack of a final appealable order. The trial court's finding that American Family is liable for damages resulting from the fire does nothing to construe the insurance contract at issue or declare the parties' rights and obligations under thecontract. The trial court's revised findings of fact and conclusions of law still does not "even mention" the contract, does not address whether Patricia Johnson's statements were "incorporated into the insurance policy as warranties or representations," and does not declare the parties' rights and obligations relating to accidental and intentional losses or for fraudulent conduct under the policy.
 {¶ 13} It is well settled that "`when a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order.'" Am Family I, quoting Stiggers v. Erie Ins.Group, Cuyahoga App. No. 85418, 2005-Ohio-3434. Because the trial court failed to address the declaratory relief requested and did not declare the parties' rights and obligations under the insurance policy, we find that the trial court's revised judgment still does not qualify as a final appealable order. Therefore, this appeal is dismissed for lack of a final appealable order. *Page 8 
It is ordered that the parties share equally costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] The trial court subsequently issued an entry correcting the date of the fire to September 11, 2003. *Page 1