JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This is the second time this insurance coverage case has been on appeal to this court, and the second time we dismiss for lack of a final appealable order.
 {¶ 2} Plaintiff-appellee, Flight Services Systems, Inc., is in the business of providing various services to airlines at airports. Defendants-appellants, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies ("London Market Insurers"), issued Flight Services an "Airport Owners and Operators Liability Insurance Policy" that insured against third-party bodily injury claims, but excluded coverage for liability "arising from wheelchair and electric cart operations."
 {¶ 3} The wrongful death tort claim underlying this insurance coverage dispute arose when a Flight Services employee was boarding Mary Kovach onto a Continental Airlines flight at Cleveland Hopkins International Airport "by means of wheelchair transport." According to the complaint later filed by her estate against Flight Services and Continental Airlines, Kovach was injured during this boarding process and died a few weeks later.
 {¶ 4} Flight Services subsequently filed this declaratory judgment action against London Market Insurers (designated incorrectly as "Lloyd's Policy Signing Office"). The complaint sought a declaration that London Market *Page 3 
Insurers were required to defend and indemnify Flight Services with respect to the underlying wrongful death tort action. The tort and declaratory judgment actions were subsequently consolidated and the tort case was later settled.
 {¶ 5} With respect to the declaratory judgment action, Flight Services and London Market Insurers cross-moved for summary judgment as to whether the London policy afforded coverage to Flight Services for the underlying tort action. The trial court denied London Market Insurers' motion for summary judgment and granted Flight Services' cross-motion. The court ruled that "an ambiguity exists in the insurance policy as to the exclusion of `wheelchair operation' and the definition of that term. Therefore, genuine issues of material fact exist for trial and def[endants'] motion for summary judgment is hereby denied. Further, pl[aintiffs] cross-motion for summary judgment is hereby granted."
 {¶ 6} London Market Insurers appealed; this court sua sponte dismissed the appeal in light of Civ. R. 54(B). The trial court then issued the exact same judgment entry denying London Market Insurers' motion for summary judgment and granting Flight Services' cross-motion, but this time included the phrase "no just reason for delay." London Market Insurers again appeals from this judgment and we again dismiss for lack of a final appealable order. *Page 4 
 {¶ 7} It is well settled that "when a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." Am. Family Ins. Co. v. Johnson (Feb. 8, 2007), Cuyahoga App. No. 88023, citing Stiggers v. Erie Ins. Group, Cuyahoga App. No. 85418, 2005-Ohio-3434. Further, "[a]s a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue." Id., citingHighlands Business Park, LLC v. Grubb Ellis Co., Cuyahoga App. No. 85225, 2005-Ohio-3139.
 {¶ 8} Here, the trial court's judgment entry merely states that Flight Services' motion for summary judgment is granted. It gives no reasons for granting the motion and does not mention the insurance contract at issue, much less any paragraphs or clauses that would provide for coverage. The judgment clearly does not construe the parties' rights and obligations under the contract.
 {¶ 9} Additionally, the trial court's judgment is internally inconsistent. The trial court found the exclusion for "wheelchair operation" ambiguous, creating "genuine issues of material fact for trial," yet the court rendered summary judgment for Flight Services. Neither party is entitled to summary judgment if there are genuine issues of material fact for trial. Doe v. Jackson Local SchoolDist, Stark App. No. 2006-CA-00212, 2007-Ohio-3258, ¶ 9.
 {¶ 10} Without a declaration of the parties' rights and obligations under the policy of insurance, the trial court's judgment does not qualify as a final *Page 5 
appealable order. Accordingly, this appeal is dismissed for lack of a final appealable order.
It is ordered that the parties share equally the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA A. BLACKMON, J., and MARY J. BOYLE, J., CONCUR *Page 1