JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiffs-appellants, Dr. Assia Benhacene and Nick's Detail Lube More, Inc. (collectively "Dr. Benhacene") appeal from the trial court's judgment, rendered after a jury trial, on their claims against defendant-appellee, Mohsen H. Fanous ("Fanous"). Dr. Benhacene contends, despite her failure to object to the jury instructions after they were given, that the trial court erred in not giving her requested supplemental jury instruction. We dismiss for lack of a final appealable order.
 {¶ 2} This action arose out of purchase and lease agreements between Dr. Benhacene and Fanous for a business called Nick's Detail Lube 
More, Inc. Both agreements contained a purchase option clause under which Fanous agreed to sell the business to Dr. Benhacene whenever she wished to purchase it.
 {¶ 3} When Fanous refused to sell the business to her, Dr. Benhacene filed suit, alleging 13 claims against Fanous. Fanous answered and asserted three counterclaims. Dr. Benhacene subsequently dismissed eight of her claims and the trial court granted Fanous's motion for summary judgment on two of the claims. The court also granted Dr. Benhacene's motion for summary judgment regarding two of Fanous's counterclaims. The case proceeded to trial on three of Dr. Benhacene's claims-breach of contract, declaratory judgment, and conversion-and Fanous's counterclaim for breach of contract. *Page 4 
 {¶ 4} The jury returned a verdict for Dr. Benhacene on each of her three claims. In its answers to interrogatories, the jury concluded that the parties had agreed that the purchase price of the business was $175,000.
 {¶ 5} The trial court's entry of judgment stated, "[t]he jury found for the plaintiffs on plaintiffs' breach of contract claim concluding that the parties had a valid agreement to purchase the property for $175,000. The jury found for the plaintiffs on plaintiffs' conversion claim and awarded $3000. Finally, the jury found for the plaintiffs on defendant's breach of contract claim."
 {¶ 6} It is well settled that "when a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." Am. Family Ins. Co. v. Johnson (Feb. 8, 2007), Cuyahoga App. No. 88023, 2007-Ohio-7271, citing Stiggers v. Erie Ins.Group, Cuyahoga App. No. 85418, 2005-Ohio-3434. Further, "[a]s a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue." Id., citing Highlands Business Park, LLC v. Grubb Ellis Co., Cuyahoga App. No. 85224, 2005-Ohio-3139.
 {¶ 7} The trial court's judgment entry does not address Dr. Benhacene's declaratory judgment claim. In that claim, Dr. Benhacene asked the court to declare the parties' rights and obligations under the purchase and lease agreements, and to declare that in light of the agreements, she had an option to *Page 5 
purchase the business for $120,000 and that all lease payments she made after she exercised her option were to be applied to the purchase price. Although the trial court's journal entry finds that Dr. Benhacene had an option to purchase the business for $175,000, it does not declare any other rights and obligations of the parties under the purchase and lease agreements, including the disposition of any lease payments made by Dr. Benhacene after she exercised her option.
 {¶ 8} Without a declaration of the parties' rights and obligations under the agreements, the trial court's judgment does not qualify as a final, appealable order. Accordingly, this appeal is dismissed for lack of a final, appealable order.
Dismissed.
It is ordered that appellee recover from appellants costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and ANN DYKE, J., CONCUR. *Page 1