SNIDER–CANNATA INTERESTS, L.L.C., Appellant,

v.

RUPER et al., Appellees.

[Cite as *Snider–Cannata Interests, L.L.C. v. Ruper,*
190 Ohio App.3d 347, 2010-Ohio-5309.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93401.

Decided Oct. 29, 2010.

348

Cannata Phillips & Co., L.P.A., and Gerald W. Phillips, for appellant.

Taft, Stettinius & Hollister, L.L.P., Mark R. Jacobs, Brian E. Ambrosia, and Michael H. Diamant, for appellees.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Pursuant to Loc.App.R. 26 and in accordance with *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court held an en banc conference to address an alleged conflict between *Snider–Cannata Interests, L.L.C. v. Ruper*, Cuyahoga App. No. 93401, 2010-Ohio-1927, 2010 WL 1741077, and several other cases from this appellate district.

## I

{¶ 2} The Rupers were the owners of property located at 8757 Brecksville Road, Brecksville, Ohio, which they operated as a motel, Pilgrim Inn. On February 1, 2006, the Rupers and Snider–Cannata entered into a contract, whereby the Rupers were to sell the property to Snider–Cannata for $1.7 million. The sale between the parties did not take place, however.

{¶ 3} In April 2007, Snider–Cannata filed this action against the Rupers, seeking a declaratory judgment, and asserting claims for breach of contract, fraud, and misrepresentation. The Rupers counterclaimed for breach of contract and were granted leave to file a third-party complaint.

{¶ 4} The Rupers filed a motion for summary judgment; the court granted the motion and awarded judgment in favor of the Rupers and against Snider–Cannata in the amount of $744,433.04, plus pre- and postjudgment interest.

## II

### EN BANC ISSUE

{¶ 5} The opinion that was originally released in this matter addressed the issue of whether this appeal was from a final, appealable order; the majority held that it was, the dissent contended that it was not. Snider–Cannata requested

that the court resolve the issue en banc, contending there was a conflict within the Eighth District, and by unanimous vote, we address this issue en banc herein.

{¶ 6} In this matter, plaintiff-appellant, Snider–Cannata, sought a declaratory judgment. In particular, the company sought "a declaration that the Contract is null and void, void and voidable, cancelled, and the Plaintiff is entitled to rescission of the Contract and the return of any and all earnest money and deposits paid upon said Contract." The judgment that granted the Rupers' summary-judgment motion reads: "Court grants summary judgment in defendants' favor and awards defendants judgment against plaintiff in the amount of $744,433.04 plus prejudgment and postjudgment interest at the statutory rate, and costs of this action."

{¶ 7} This court remanded the case to the trial court for clarification of (1) the disposition of Snider–Cannata's claims against the Rupers and (2) the disposition of the Rupers' claims against the third-party defendants. On remand, the trial court issued a judgment stating that "all of [Snider–Cannata's] claims against [the Rupers] were disposed of pursuant to this court's granting of [the Rupers'] motion for summary judgment." The entry further stated that although the court granted the Rupers leave to file a third-party complaint, no such complaint was ever filed and, therefore, there were no claims pending against third-party defendants.

{¶ 8} This court has held that "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *Stiggers v. Erie Ins. Group,* Cuyahoga App. No. 85418, 2005-Ohio-3434, 2005 WL 1541021, ¶ 5; *Klocker v. Zeiger,* Cuyahoga App. No. 92044, 2009-Ohio-3102, 2009 WL 1819443, ¶ 13. "As a general rule, a trial court does not fulfill its function in a declaratory judgment action when it fails to construe the documents at issue. Hence the entry of judgment in favor of one party or the other, without further explanation, is jurisdictionally insufficient; it does not qualify as a final order." *Highland Business Park, L.L.C. v. Grubb & Ellis Co.,* Cuyahoga App. No. 85225, 2005-Ohio-3139, 2005 WL 1484051, ¶ 23; *Klocker* at ¶ 13.

{¶ 9} Here, the trial court rendered a judgment in favor of the Rupers without further explanation, and therefore, on its face, the judgment was jurisdictionally insufficient. However, the trial court could not have rendered a judgment in favor of the Rupers on their breach-of-contract claim if it had found that the contract was "null and void, void and voidable, cancelled, and the Plaintiff [was] entitled to recission of the Contract and the return of any and all earnest money and deposits paid upon said Contract," as sought by Snider–Cannata's request for declaratory judgment. Therefore, we read the trial court's entry as impliedly

denying Snider–Cannata's request for declaratory relief, especially in light of the fact that this case has already been returned to the trial court once.[1]

{¶ 10} The Ninth Appellate District recently reached a result similar to the one we reach here, in *Revis v. Ohio Chamber Ballet*, Summit App. No. 24696, 2010-Ohio-2201, 2010 WL 1986430. There, Revis and other plaintiffs filed a declaratory-judgment action against the Ohio Chamber Ballet and the Ohio attorney general seeking relief on multiple grounds. Intervening parties entered the action by filing an intervening complaint, and the plaintiffs answered their complaint and counterclaimed with another request for declaratory relief. The Ballet also filed a cross-claim against the intervenors.

{¶ 11} The trial court entered a judgment resolving some, but not all, of the plaintiffs' requests for relief, which resolved the intervenors' complaint. On appeal, the Ninth District found the judgment to be final and appealable. In reaching this conclusion, the court held that "[n]othing in the record contradicts the conclusion that the court's determination regarding the endowment funds affected the parties' substantial rights. Therefore, we conclude that the court's judgment satisfies R.C. 2505.02's finality requirements." Id. at ¶ 7.

{¶ 12} The Ninth District further held, "Moreover, Civ.R. 54(B) would not support the conclusion that the court entered judgment solely as to the claim contained in Intervenors' complaint because Intervenors' claim as to the assets was inextricably intertwined with the portion of Revis' claim seeking a declaration as to the assets." Id. at ¶ 8.

{¶ 13} The preference is that in declaratory-judgment actions, trial courts "declare all of the parties' rights and obligations," and generally, that is the standard we look for in declaratory-judgment actions. A declaratory-judgment action constitutes a special proceeding under R.C. 2505.02, and rulings affecting substantial rights in such proceedings are generally final orders. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21–22, 540 N.E.2d 266.

■ {¶ 14} We reach the result here because the trial court's ruling affected the parties' substantial rights and made clear the rights and obligations of the parties. Indeed, this case was previously remanded to the trial court, whereupon the court issued an entry stating that *all* of Snider–Cannata's claims against the

---

1. This court reached a similar result in *Westlake v. Mascot Petroleum Co., Inc.* (Apr. 19, 1990), Cuyahoga App. No. 57508, 1990 WL 48960. There, the trial court did not rule on the applicability of the city's zoning ordinance under the defendant's counterclaim for declaratory relief. Nonetheless, this court held that there was a final, appealable order because "the trial court could not render judgment against [the defendant] unless it found that the minimart was a service station as defined in the zoning ordinance. That determination was a necessary predicate for rendering judgment, for if the minimart was not a 'service station' as defined in the ordinance, the trial court's order would have no basis whatsoever." Id. at fn. 1.

Rupers were disposed of in the summary judgment. The trial court did not leave the rights and duties of the parties ambiguous or unknown.

{¶ 15} The issue that has been presented to us en banc is whether a declaratory judgment must independently and separately always contain language declaring the rights and responsibilities of the parties in order to constitute a final, appealable order, or whether an appellate court may consider other rulings made in the case that clearly and unambiguously resolve the declaratory issue, in determining whether it may proceed with review. By vote, we have concluded that where a claim is made for declaratory judgment, and where the trial court does not specifically declare the rights and responsibilities of the parties, an appellate court may nonetheless proceed to determine the merits of the case if the other rulings made by the trial court clearly and unambiguously resolve the declaratory issue.

{¶ 16} Therefore, the opinion addressing the merits, *Snider–Cannata Interests, L.L.C. v. Ruper*, Cuyahoga App. No. 93401, 2010-Ohio-1927, 2010 WL 1741077, remains in full force and effect.

So ordered.

FRANK D. CELEBREZZE JR., and COLLEEN CONWAY COONEY, JJ., concur.

JAMES J. SWEENEY, J., concurs separately.

ANN DYKE, J., concurs with separate concurring opinion of JAMES J. SWEENEY, J.

PATRICIA A. BLACKMON, J., MARY J. BOYLE, J., SEAN C. GALLAGHER, A.J., LARRY A. JONES, J., and MARY EILEEN KILBANE, J., concur with CHRISTINE T. McMONAGLE, J., and with separate concurring opinion of JAMES J. SWEENEY, J.

KENNETH A. ROCCO, J., dissents.

MELODY J. STEWART, J., concurs in judgment only with dissenting opinion of KENNETH A. ROCCO, J.

JAMES J. SWEENEY, Judge, concurring.

{¶ 17} I concur with the majority for the reason that the trial court, pursuant to a direct order from this court, addressed the issue of plaintiff's request for declaratory judgment. Specifically, we remanded this matter to the trial court on January 19, 2010, with the following instructions:

{¶ 18} "Sua sponte, this appeal is remanded to the trial court for clarification of:

{¶ 19} "1. The disposition of plaintiff's claims against defendants/Rupers;

{¶ 20} "2. The disposition of the Rupers' claims against the new party defendants."

{¶ 21} After responding to our directive, the trial court returned the matter to us on January 29, 2010. Apparently satisfied with the trial court's response, this court proceeded to the merits of the appeal. When this distinguishing factor is considered, it does not appear that the initial decision rendered by the three-judge panel in this case created any conflict in our district as to the law applicable to final, appealable orders. To that extent, I concur with the majority.

KENNETH A. ROCCO, Judge, dissenting.

{¶ 22} While paying lip service to ten years of consistent holdings by this court that require a trial court to affirmatively rule on a request for a declaratory judgment before its decision will be considered final and appealable, the majority now interposes an exception with potentially far-reaching implications: "Where a claim is made for declaratory judgment, and where the trial court does not specifically declare the rights and responsibilities of the parties, an appellate court may nonetheless proceed to determine the merits of the case if the other rulings made by the trial court clearly and unambiguously resolve the declaratory issue." To support its holding, the majority reaches back 20 years to a case that, until now, has never been relied upon by any court as precedent for this proposition.[2]

{¶ 23} The notion that a trial court can clearly and unambiguously resolve an issue without expressly ruling on it has wide-ranging consequences far beyond the realm of declaratory judgments. For example, this holding could easily justify the proposition that the trial court need not conform to Civ.R. 54(B) in some cases; we could find the court's rulings on some claims implicitly ruled on others, obviating the need for Civ.R. 54(B) certification. This analysis introduces considerable uncertainty into the realm of final, appealable orders.

{¶ 24} The trial court's decision here was anything but "clear and unambiguous." The trial court granted the Rupers' motion for summary judgment and found Snider–Cannata liable to the Rupers on the Rupers' counterclaim for breach of contract in the amount of $744,433.04 plus pre- and postjudgment interest. The majority extracts from this conclusory ruling a decision that the parties' contract was not void, essentially because "the trial court could not have rendered a judgment in favor of the Rupers on [Snider–Cannata's] breach-of-

---

2. *Westlake v. Mascot Petroleum Co., Inc.* (Apr. 19, 1990), Cuyahoga App. No. 57508, 1990 WL 48960, curiously cited by the majority in a footnote even though it is the only authority from this district that supports the majority's view on this issue.

contract claim if it had found that the contract was 'null and void.' " It is certainly *possible* that the court found that the contract was not void. It is at least equally likely that the court simply *assumed* it was not void, without actually considering the issue. Snider–Cannata's request for a declaratory judgment required the court to expressly consider the issue, leaving no one in doubt. I do not believe that the trial court met its obligations under the Declaratory Judgment Act.

{¶ 25} In my view, to make a declaration, the trial court must expressly state its conclusions, indicating that it went through the necessary legal analysis. I believe that the assumption that the trial court made a particular determination just because it reached a later point in the analysis is simply wishful. Even after we asked the trial court to clarify its rulings (without jurisdiction to do so), the trial court's decision was not particularly enlightening: "All of plaintiff's claims against defendants were disposed of pursuant to this court's granting of defendant's motion for summary judgment." In the face of an express request for a declaration, we should not be relying on such ambiguous, cursory dispositions.

{¶ 26} When a complaint asks the trial court to declare the parties' "rights, status, and other legal relations" under R.C. Chapter 2721, the trial court must either make a declaration—that is, an explicit, affirmative statement on the subject of the parties' request—or it must dismiss the claim for a declaratory judgment before the court's decision may be considered final and appealable. This conclusion is a natural outgrowth of the very meaning of the term "declaratory judgment." The Oxford English Dictionary defines a "declaration" as "the action of stating, telling, setting forth, or announcing openly, explicitly or formally; positive statement or assertion; an assertion, announcement or proclamation in emphatic, solemn, or legal terms." 1 The Oxford English Dictionary (Compact Ed.1971) 662. To imply a ruling on a request for declaratory judgment is contrary to the very nature of the request.

{¶ 27} Before we undertook to review the present case, it would have been helpful if the trial court had explained the basis for its ruling in at least summary fashion. An express declaration would have helped to guide our de novo review of the extensive evidence in this case. Instead, the panel majority waded through multiple issues on its own, on the assumption that the trial court had found (1) that the condition precedent to the contract had been met, (2) that Mr. Ruper had capacity to contract, and (3) that the Rupers did not fraudulently induce Snider–Cannata to enter into the contract. All of these determinations were necessary before the trial court could have found that the contract had been breached. Believing as I do that we lack the jurisdiction to consider the merits of this appeal, I did not weigh in on the merits. I reluctantly do so now, however, to

illustrate the lack of a nexus between our en banc holding and what happened in the trial court on one illustrative issue.

{¶ 28} The parties' contract provided:

{¶ 29} "Buyer and Sellers agree that Buyer's obligation to close this transaction will be contingent upon Buyer's successful rezoning of the parcel to Local Business 'LB' and is a material inducement of the Buyer to enter into this Contract. Buyer and Sellers agree to work in cooperation and good faith to rezone the entire parcel to LB. It is understood that the rezoning will require the City of Brecksville 'Brecksville' to place the rezoning petition on the November 2006 General Election Ballot (Ballot)."

{¶ 30} The parties subsequently amended their agreement with the following provision:

{¶ 31} "Both parties agree that the Zoning change placed on the Ballot in the City of Brecksville, Ohio for the November, 2006 election, can change the zoning to either LB Local Business or to any other zoning category in the Brecksville Code that allows for Senior Housing."

{¶ 32} The ballot submitted to and approved by the Brecksville voters proposed to rezone the property to a "mixed use Planned Development Overlay District," subject to approval of a development plan by the city's planning commission and council. The planning commission did not approve Snider–Cannata's development plans. The question presented, therefore, was whether the voter approval of the "Planned Development Overlay District" *alone* changed the zoning to a "category in the Brecksville Code that allows for Senior Housing."

{¶ 33} The majority en banc holds that the trial court "clearly and unambiguously" implicitly answered "yes" to this question. However, the panel majority does not actually address it. The panel majority concludes that "[t]he clear language of the contract provided that if the voters approved rezoning, the sale would be consummated." It never even considered that the parties' agreement required that the rezoning must allow for "Senior Housing." The planned-development overlay district approved by the Brecksville voters was only a conditional zoning change, subject to the approval of the development plans by the planning commission and the city council. The question whether such a conditional zoning change met the terms of the contract is a nice question, upon which the parties still do not have court guidance.

{¶ 34} I would have demanded that the trial court state its determination explicitly, as the Declaratory Judgment Act requires, before we reviewed the matter. Therefore, I dissent.